**FILED**

NOV 30 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER BISCAY; LYNN BISCAY, | 2:15-cv-2459-JAM-EFB |
| Plaintiffs, | SUA SPONTE ORDER REMANDING ACTION TO STATE COURT |
| v. | |
| ANDREA RICHARD; DOES 1-10, | |
| Defendants. | |

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.  See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

On November 25, 2015, Defendant Andrea Richard filed a Notice of Removal with this Court, seeking to remove an action from the Superior Court for the County of Sacramento. Doc. 1. For the following reasons, the Court sua sponte REMANDS this case to the Superior Court of California for the County of Sacramento.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The

1

1   defendant seeking removal of an action to federal court has the burden of establishing federal

2   jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

3        Defendant is attempting to remove an unlawful detainer action based on federal question subject

4   matter jurisdiction. Doc. 1. However, Defendant cannot establish jurisdiction that is proper. Federal

5   courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal

6   courts can adjudicate only those cases authorized by the United States Constitution and Congress.

7   Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United

8   States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v. United States*, 490

9   U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511

10  U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua

11  sponte. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

12  "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power

13  rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

14       Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly

15  construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689,

16  698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant

17  always has the burden of establishing that removal is proper. *Nishimoto v. Federman–Bachrach &*

18  *Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th

19  Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

20  first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

21       In this case, Defendant is unable to establish subject matter jurisdiction before this Court because

22  the complaint filed in the state court apparently contains a single cause of action for unlawful detainer

23  based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within

24  the province of state court. Defendant's attempt at creating federal subject matter jurisdiction by adding

25  claims or defenses to a notice of removal will not succeed. *Vaden v. Discover Bank*, 556 U.S. 49, 50

1    (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v.*

2    *Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does

3    not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is

4    anticipated in the plaintiff's complaint.").

5        In determining the presence or absence of federal jurisdiction in removal cases, the "well-

6    pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal

7    question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.*

8    *Williams*, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her

9    complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d

10   994, 998-99 (9th Cir. 2007); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First*

11   *Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law

12   only when the plaintiff's well-pleaded complaint raises issues of federal law").

13       Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law

14   unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids

15   federal question jurisdiction. Defendant's attempt to create a federal question through her state court

16   demurrer is improper.

17       Accordingly, the Court REMANDS this case to the Superior Court for the County of Sacramento

18   for all future proceedings.

19   Dated: November 30, 2015

20

21         John A. Mendez,
      United States District Judge

22

23

24

25

             3